OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed. The issue presented in this case is whether the activities of the defendant, as observed by the police, justified the blocking of defendant’s vehicle so as to prevent its forward movement.
While on routine patrol in an unmarked car two police officers, serving as members of the Nassau County Police Department crime prevention unit, parked their vehicle in the Lake Success Shopping Center. During the period of observation they noticed codefendant Milton walking back and forth in front of several stores in the shopping center. One of the officers followed Milton who walked to the rear and then returned to the front of the shopping center. Milton met defendant Jennings, who had exited from a restaurant, and they then drove to an adjacent parking lot. The officers pursued them, and blocked their vehicle by pulling up perpendicularly in front of it.
The relatively innocuous behavior of the defendant prior to the stop might at most have justified an inquiry and investigation to determine if criminal activity was at hand (People v De Bour, 40 NY2d 210). But, in blocking defendant’s vehicle with their own, the officers engaged in excessively intrusive conduct which "significantly] interrupt[ed] * * * [defendant’s] liberty of movement”, thereby effecting an unconstitutional seizure (People v Cantor, 36 NY2d 106, 111). Defendant’s statements which flowed directly from the illegal seizure, should therefore have been suppressed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.