■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER KELLY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD BREEN, Appellant. — Appeals from judgments of the County Court of Ulster County (Clyne, J.), rendered April 20, 1979, convicting defendants upon their pleas of guilty of the crime of criminal possession of marihuana in the second degree. On October 21, 1977, a New Paltz police officer stopped a car driven by Kelly and issued him a speeding ticket. Two passengers in the car, defendant Breen and Karrie Siegler, informed the officer that they were returning Karrie Siegler to her college dormitory. Noticing that the muffler on the car was dragging, Officer Burchel told defendant Kelly to stop at the next service station to have it repaired. In contravention of the officer's orders, defendants drove into a service station, made a U-turn without stopping and proceeded in an opposite direction from the college. The officer followed the car, saw it make another U-turn and drive into the Thunderbird Motel. Concerned for the safety of the young woman, the officer radioed his sergeant. Together they inquired of the motel manager and learned that the driver of the car had registered under a false name. They then proceeded to the motel room door, knocked and sought admission to investigate. Defendant Breen opened the door and an aroma of marihuana drifted from the room. Upon entering the room, the officers saw Ms. Siegler extinguishing a marihuana cigarette; they also saw marihuana butts in several ashtrays in the room. As a result, the officers placed the three people in the room under arrest and also opened two opaque plastic garbage bags which were in the room. The bags contained approximately 20 pounds of marihuana and were seized. The defendants were indicted for criminal possession of marihuana in the first degree and two counts of criminal possession of a controlled substance.[*] Defendants' motion to suppress the evidence seized during the arrest was denied and they ultimately pleaded guilty to criminal possession of marihuana in the second degree. These appeals ensued. Defendants contend, *inter alia,* that the warrantless search of the motel room violated their constitutional rights. We disagree. While we recognize that the privacy interests sought to be protected by the Fourth Amendment attach to persons in motel rooms *(Johnson v United States,* 333 US 10), where, as here, there was a justifiable basis for the police officers to enter and investigate, we cannot conclude that the officers violated defendants' constitutional rights (see *McDonald v United States,* 335 US 451). The erratic driving by defendants to avoid the officers, the fact that two men took a young woman to a motel room instead of to their announced destination, and the fact that defendants were

---

[*] Karrie Siegler was granted immunity and testified before the Grand Jury.

registered at the motel under a false name, were sufficient to arouse the officers' interest and give them reasonable grounds to believe that the woman may have been in a dangerous situation and that further inquiry was proper (see *People v Mitchell,* 39 NY2d 173; cf. *People v De Bour,* 40 NY2d 210). Thus, even assuming, *arguendo,* that the initial entry by the police was not consensual, the attendant circumstances justified a limited and warrantless entry into defendants' motel room to investigate. Furthermore, once the officers detected the odor of marihuana, there was reasonable cause to believe a crime had been committed or was being committed and the exigent circumstances, including the possibility that the contraband may be destroyed, justified a full and immediate entry without a warrant. Moreover, since probable cause for the arrests of defendants existed, the search and seizure of the plastic bags, which were in plain view and immediately apparent, were reasonable *(People v Weintraub,* 35 NY2d 351). Next, defendants contend that they were entitled to specific performance of an agreement whereby one defendant would plead guilty to the top count of the indictment in satisfaction of the indictment against the other defendant. While the record indicates that such an offer was made by the District Attorney, it is equally clear that it was never accepted nor acted upon by defendants and was ultimately withdrawn by the District Attorney. Thus, without accepting the offer, defendants had no right to rely on it. We have considered defendants' other arguments and find them to be without merit. Judgments affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.