■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WILLIAM SCHOBERT, Appellant. — Appeal from a judgment of the County Court of Delaware County (Farley, J.), rendered March 19, 1982, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree. Defendant was indicted for criminal possession of a controlled substance in the fourth degree after contraband was removed from his person during a warrantless search conducted by Village of Delhi police officers. After a hearing, defendant's motion to suppress the evidence as the product of an illegal seizure was denied, and he entered a plea of guilty to a reduced charge of criminal possession of a controlled substance in the fifth degree. This appeal ensued. Defendant reasserts that the warrantless search and seizure was unlawful and unconstitutional and that the evidence should be suppressed pursuant to CPL 710.20. The suppression hearing minutes demonstrate that on September 15, 1981 at approximately 11:45 P.M., Officers Small and Loos, assigned to patrol by foot a certain area of Delhi, observed three individuals standing in the parking lot of a local barroom. The area was dark, although one light was on at the back of the building. Officer Small testified that he observed one of the individuals strike a match, light an object, and pass it among the group. On cross-examination, Small conceded he never directly observed an object pass to defendant, but only saw defendant's hand move near his mouth. The officers approached the group and at a distance of some 20 feet detected the aroma of marihuana. Small testified to his previous training and experience with, and knowledge of, the smell of burning marihuana, including 75-100 marihuana arrests. At this point, Small, using his flashlight, observed a small white pipe in the hand of one of defendant's companions. All three individuals were then placed under arrest for unlawful possession of marihuana in violation of section 221.05 of the Penal Law and searched. A thin gold cigarette case was removed from defendant's jacket and when opened at the police station revealed strips of paper containing 1.23 milligrams of lysergic acid diethylamide (L.S.D.). Defendant denied either smoking the marihuana or handling the pipe. The suppression court determined that the search was neither justified as incident to a lawful arrest, nor valid as a necessary "stop and frisk" (CPL 140.50, subd 1). Nonetheless, the court sustained the search and seizure as based on probable cause independent of the marihuana arrest and denied defendant's motion (see *People v Chestnut*, 43 AD2d 260, affd 36 NY2d 971). There should be an affirmance, albeit for somewhat different reasons. In evaluating a police seizure, the courts must consider whether the police action was justified in its inception and whether their response was reasonably related in scope to the circumstances which rendered its initiation permissible (*People v Cantor*, 36 NY2d 106). Probable cause is not a *sine qua non* of all police intrusion on an individual's liberty (*People v Gonzales*, 86 AD2d 634, mot for lv to app den 56 NY2d 596). Certain levels of intrusion are permissible including the right to approach an individ-

ual to request information "when there is some objective credible reason for that interference not necessarily indicative of criminality" (*People v De Bour,* 40 NY2d 210, 223). Here, the officers did not infringe upon defendant's constitutional rights by their initial approach. Although perhaps not rising to the level of probable cause or reasonable suspicion, the fact an item was lighted and passed among defendant's group supplied a sufficiently credible and objective basis on which to found a bare informational inquiry (see *People v Carrasquillo,* 54 NY2d 248, 253; *People v Howard,* 50 NY2d 583, 589-590, cert den 449 US 1023). The officers were clearly entitled to draw on the whole of their experience and expertise in observing an incident which reflected the possibility that marihuana was being utilized. In any event, once the officers detected the odor of marihuana, there was reasonable cause to believe a crime had been committed or was being committed in their presence and the exigent circumstances, including the possibility that the contraband might be destroyed, justified an immediate arrest and search (CPL 140.10, subd 1; *People v Kelly,* 83 AD2d 648, 649, affd 56 NY2d 873; *People v Chestnut,* 43 AD2d 260, affd 36 NY2d 971, *supra;* see *People v Valo,* 92 AD2d 1004; see, generally, Ringel, Searches and Seizures, Arrests and Confessions [2d ed], § 23.3 [a], pp 23-9 — 23-11). By statute, the possession of marihuana which is burning or open to public view in a public place constitutes a crime (Penal Law, § 221.10, subd 1). In our view, the police encounter was lawful in its inception and reasonably related in scope and intensity to the circumstances presented. No actual or constructive restraint occurred until after the officers detected the presence of marihuana. We find the ensuing search of defendant's person valid as incident to a lawful arrest (*People v De Santis,* 46 NY2d 82, 87). This is true regardless of whether the evidence was sufficient to sustain a conviction on the marihuana charge. Accordingly, the judgment of conviction should be affirmed in all respects. Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.