■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE ATWOOD, Appellant. — Judgment unanimously reversed, on the law and facts, motion to suppress granted, and indictment dismissed. Memorandum: Two police officers received a radio transmission indicating that there was "a man with a gun arguing with a man in a car at the corner of Northampton and Kehr" Streets in the City of Buffalo. The officers proceeded to the scene and discovered one parked car in the area, as well as several persons in the general vicinity of the car. The officers saw no one with a handgun. The officers went up to the car and immediately asked both the driver and the passenger, defendant, to step outside. As soon as defendant stepped out of the car, one of the officers noticed a bulge in defendant's shirt. The officer conducted a pat-down search and thereafter extracted a .22 caliber revolver. It was discovered that defendant had no permit to possess the weapon and he was charged with criminal possession of a weapon. Defendant moved to suppress the weapon, but the motion was denied. We reverse. Although conceding that the officers were justified in conducting the pat-down search once the bulge was spotted, defendant argues that there was an inadequate basis for ordering him out of the car. We agree. Ordering defendant out of his vehicle is at least equivalent to a stop (*People v Harrison,* 57 NY2d 470, 476). This level of intrusion can be justified only by a reasonable suspicion that criminal activity is afoot (*People v De Bour,* 40 NY2d 210, 223). An anonymous telephone call of men with guns, standing alone, permits police to approach a suspect and make inquiry, but it does not justify a stop and frisk (*People v De Bour, supra,* pp 221-225). Although circumstances observed at the

scene, coupled with the radio call, may collectively establish reasonable suspicion (*People v Benjamin,* 51 NY2d 267, 270), in the instant case no such facts came to light. Accordingly, defendant's motion to suppress the gun must be granted and the indictment dismissed. (Appeal from judgment of Supreme Court, Erie County, Francis, J., at trial; Wolfgang, J., at suppression hearing — criminal possession of weapon, third degree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.