■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ABRU BULVARD, Respondent. [624 NYS2d 23] —Order, Supreme Court, New York County (Renee White, J.), entered November 24, 1993, granting defendant's motion to suppress physical evidence and statements, unanimously affirmed.

The hearing court properly found that the police observation of defendant making an innocuous hand movement while sitting in the passenger seat of a car double parked in a drug prone area did not give rise to a reasonable suspicion that defendant was engaged in criminal activity, so as to justify defendant's forcible detention by the police (People v De Bour, 40 NY2d 210, 223).

There being no evidence that the automobile in question was stolen, defendant's sole occupancy thereof and possession of the car keys established that defendant had a legitimate expectation of privacy in the car and its trunk (see, People v Wesley, 73 NY2d 351). As the illegal seizure of defendant precipitated the seizure of the automobile, which in turn led to the discovery of contraband in the trunk of the car and to defendant's statements, the hearing court properly suppressed the physical evidence and statements as the tainted fruits of the illegal police action (People v Millan, 69 NY2d 514, 521). Concur—Murphy, P. J., Sullivan, Ellerin, Williams and Mazzarelli, JJ.