OPINION OF THE COURT
Frank J. LaBuda, J.
*362 At 3:10 a.m. on a Sunday morning, after a night of consuming cocaine, marihuana and alcohol, the defendant Kenneth Newman and three of his friends[1] left Kilcoin’s Bar in Swan Lake, New York, following a melee involving at least 30 people and a bottle being thrown at the defendant’s car breaking the lower driver’s side windshield with a loud “bang.” The defendant accelerated down the road, state Route 55, approximately 1,300 feet and struck a utility pole killing one passenger and seriously injuring two other passengers. According to witnesses who testified at trial, both for the People and the defense, the defendant and occupants of the car had been celebrating the bachelorette party of the decedent with cocaine, beer and shots (alcohol), became involved in a fistfight in the bar that poured out into the parking lot and the defendant and the wedding party fled the scene with the defendant driving them away in his car at great speed.
One occupant of the car testified at trial to seeing headlights following their vehicle immediately before the crash, while the People’s witness on rebuttal testified that no person or vehicle followed the defendant’s car out of the parking lot. The defendant never testified at trial and the defendant’s written and oral admissions were admitted into evidence on consent. Yet, it is interesting to note, that nowhere in the written or oral admissions did the defendant raise the lesser of two evils decision to flee the threatening “mob.” He now claims he made that decision in the parking lot because of the circumstances raised by the several witnesses to the barroom fight and the parking lot melee.
The focus of the justification defense was whether the defendant was justified in driving/speeding down Route 55 at 3 o’clock in the morning under the influence of alcohol, cocaine and marihuana.
The issue of fact that the jury has to decide is, was there a necessity for the defendant to speed away and was the defendant out of the zone of danger, if any, at the time and place of the crash.
The People argue that the zone of danger is not for the jury to decide but that it has to be decided as a matter of law by the trial judge before the justification defense may be submitted to *363 the jury. This court disagrees[2] based upon the clear dictates of People v Maher (79 NY2d 978 [1992]) and People v Gray (150 Misc 2d 852 [Crim Ct, NY County 1991]).
The duty of the trial judge, at least if requested by the defendant, is to instruct on the law of justification, whenever there is some evidence in the case. There is no requirement that the defendant has to testify to his state of mind or anything else to be entitled to the charge. Indeed, “[i]f on any reasonable view of the evidence, the jury might have decided that the defendant’s actions were justified, the failure to charge the defense constitutes reversible error (see, People v Padgett, supra).” (Maher at 982 [emphasis added].)
Justification in New York, as defined in Penal Law §§ 35.05 through 35.30, is an ordinary and not an affirmative defense. Thus, Penal Law § 35.05 (2) requires that a defendant establish a prima facie case by producing evidence from which a reasonable juror could find that he has met each element of the defense. Since the defense of necessity is not an affirmative defense wherein the defendant has the burden of establishing that defense by a preponderance of the evidence, it has been uniformly accepted by courts in New York that a defendant is obliged to put in “some evidence of his defense unless the prosecution does so in presenting its side.” (Gray at 855.) Thus, as in People v Gray (150 Misc 2d 852 [1991] [a case involving bicycles, pedestrians and pollution on the Queensboro Bridge]), the facts presented by the defense here clearly distinguish the instant case from those situations where the courts have found the harm or threat in question to be too remote (see, People v O’Grady, 147 Misc 2d 118 [1990], lv denied 76 NY2d 942 [1990]). Thus, the imminency of the threat as it existed at the bar on state Route 55 at the specific time and location of the crash must be decided by the trier of fact taking into consideration all the surrounding circumstances. (See, People v Harmon, 53 Mich App 482, 220 NW2d 212 [1974].)
Accordingly, this court will grant the defendant’s application to charge the defense of justification and consistent with the ra *364 tionale herein will give a jury charge attached hereto as exhibit No. 1 since there is no Criminal Jury Instruction for CPL 35.05 (2) as it applies to intoxicating driving.
“exhibit #1
“justification by necessity
“I now turn to the issue of justification, which has been raised during the course of this trial.
“If the People have failed to establish all of the essential elements of any of the charges in the Indictment, as I have instructed you, you must find the defendant not guilty of those charges. If that is your verdict then you need not, of course, consider further the defense of justification by necessity.
“However, if you have determined that the People have established all of the elements of any of the crimes charged in the Indictment, then as to those charges I now charge you, that based upon the facts presented, you may consider the defense of justification by necessity, otherwise know[n] as the ‘choice of evils’ defense. Even if a defendant is otherwise guilty, if you should determine that he acted with justification out of necessity, then he must nevertheless be found not guilty.
“The justification defense of necessity is a defense recognized in law. When a defendant raises such a defense and offers some evidence that he was acting out of necessity, it becomes the burden of the People to convince you beyond a reasonable doubt that he was not acting out of necessity.
“According to the law, conduct which would otherwise constitute an offense is justified and not criminal when (1) such conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the defendant, and (2) which is of such gravity that, according
to ORDINARY STANDARDS OF INTELLIGENCE AND MORALITY, the desirability and urgency of avoiding such injury clearly outweighs the desirability of avoiding the injury sought to be prevented by the statute defining the offense at issue in the Indictment, ie, death or serious physical injury caused by driving while intoxicated or driving while ability impaired by cocaine.
“As with all factual issues for the jury, you should first review all the evidence you find to be believable and decide what in fact took place. Only then can you decide if the defendant’s actions were reasonable that morning in driving on State Route *365 55 under the influence of alcohol and/or cocaine at the place and time of the crash.
“The defendant’s actions must be based upon an objective standard — that is, a standard of intelligence and morality of an ordinary person not the subjective standard of the defendant.
“In deciding if the defendant took reasonable action, the law imposes an objective test — was the defendant’s actions ‘reasonable’ under all the circumstances when judged against whether an average reasonable person, finding himself in the same situation as did the defendant, would reasonably believe that he had to choose between two evils and that such choice necessitated the actions that the defendant took.
“The first duty of the jury when a defense of justification is raised is to determine whether an emergency existed through no fault of the defendant.
“The People have the burden to establish beyond a reasonable doubt that an emergency did not exist or that the perceived emergency did not warrant the action that the defendant took.
“If the proof satisfies you that an emergency did not exist, then, according to the law, the defendant was not acting in justification. You need not, therefore, deliberate further the defendant’s claim of justification.
“On the other hand, if you are satisfied that an emergency did exist, then you must consider my further instructions on the law of justification.
“The second duty of the jury, if an emergency is determined to have existed, is to decide whether the action taken by the defendant was reasonable in light of the circumstances as you have determined them and the ordinary standard of the law as I have given it to you.
“The People have the burden to establish beyond a reasonable doubt that the action taken by the defendant was not reasonable in light of the circumstances as known to an ordinary person.
“If the proof satisfies you beyond a reasonable doubt that the action taken by the defendant was not reasonable, then according to the law the defendant was not acting in justification. You need not deliberate further on the claim of justification.
“On the other hand, if you are satisfied that the defendant’s actions were reasonable under the circumstances, then you must find him not guilty.
“Please keep in mind that the justification defense goes to each of the Sixteen charges against the defendant in the Indict *366 ment. You must consider the justification analysis as to each separate charge.”

. I.e., the wedding party of his best friend, including the bride-to-be who was killed and the groom who was seriously injured.

. People argue that the justification defense is inappropriate in a case where the defendant voluntarily consumes alcohol, smokes marihuana and ingests cocaine and then drives, killing one person and injuring two others. The court agrees that while the social and public morality consequences are horrific to a finding of justification, driving cases involving justification have not been modified by the Legislature nor the appellate courts to exclude intoxicated and drug impaired driving or defendants who voluntarily consume alcohol and/or drugs.