■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. MILLS, JR., Appellant. [845 NYS2d 597]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered February 2, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the third degree, aggravated unlicensed operation of a motor vehicle in the second degree and unauthorized use of a vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, a new trial is granted on counts one and two of the indictment and count three of the indictment is dismissed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of stolen prop-

erty in the third degree (Penal Law § 165.50), unauthorized use of a vehicle in the second degree (§ 165.06) and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). The conviction arises out of defendant's operation of a stolen vehicle behind an area consisting of a convenience store/gas station, a lot for overnight truck parking, a motel and a small restaurant. Defendant testified that he and another passenger in the vehicle were arguing and subsequently engaged in a fistfight outside the vehicle. When a group of men gathered around the fistfight, defendant became fearful that he would be attacked by the group, whereupon he entered the vehicle and drove from the scene.

County Court erred in denying defendant's request for a justification charge. Considering the evidence in the light most favorable to defendant, we conclude that there is a reasonable view of the evidence that defendant's conduct was justified "[u]nder the 'choice of evils' theory of Penal Law § 35.05 (2)" as a means to avoid an imminent attack (*People v Maher*, 79 NY2d 978, 981 [1992]; *see People v Padgett*, 60 NY2d 142, 145-146 [1983]; *People v Newman*, 3 Misc 3d 361, 363 [2004]). We therefore reverse the judgment and grant a new trial on counts one and two of the indictment.

Count three of the indictment, charging aggravated unlicensed operation of a motor vehicle in the second degree, must be dismissed. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally insufficient to establish that defendant operated the vehicle "upon a public highway" (Vehicle and Traffic Law § 511 [1] [a]; *see People v Thew*, 44 NY2d 681, 682 [1978]; *People v Ostermeier*, 118 Misc 2d 68, 70-71 [1983]). In view of our decision, we do not address defendant's remaining contentions. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.