■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN LOPEZ, Appellant. [905 NYS2d 647]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 11, 2009, convicting him of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Shortly after midnight on May 21, 2008, two police officers in an unmarked car pulled in front of a vehicle occupied by the defendant and two passengers, in the parking lot behind a bar which the police claimed was known for drug activity. The arresting officer, who testified at the suppression hearing, did not recall whether the engine of the defendant's vehicle was running. However, the arresting officer noted that the interior light of the vehicle was on, and that the defendant was looking down.

When asked at the suppression hearing whether the police vehicle blocked the defendant's vehicle from pulling out of the parking space without hitting the police vehicle, the arresting officer replied "Might have been close. I can't recall." After pulling in front of the vehicle, the officers approached the vehicle, the arresting officer shined his flashlight inside, and that officer observed the defendant holding what he believed to be a bag of cocaine and a bag of marihuana. The police removed the defendant from the vehicle and placed him under arrest. Thereafter, the defendant made incriminating statements to the police.

The hearing court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and

his statements to the police, finding that the police properly approached the defendant's vehicle because its occupants were acting suspiciously.

The conduct of the police in pulling in front of the defendant's vehicle, and blocking his ability to exit the parking lot, constituted a stop, which required reasonable suspicion that the defendant or other occupants of the vehicle were either involved in criminal activity or posed some danger to the police (*see People v Jennings*, 45 NY2d 998 [1978]; *People v Creary*, 61 AD3d 887, 889 [2009], citing *People v Harrison*, 57 NY2d 470, 476 [1982]). The fact that the defendant was sitting in a vehicle in the parking lot of an open business, with the interior light of his vehicle on, looking down, is capable of numerous innocuous explanations, and cannot be characterized as suspicious conduct (*see People v Bulvard*, 213 AD2d 263 [1995]). Accordingly, the stop was illegal, and the physical evidence and the defendant's statements should have been suppressed as the fruits of that illegal action.

In light of our determination, the defendant's remaining contentions need not be addressed. Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.