12-490-cv
Pane v. Gramaglia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
           CHRISTOPHER F. DRONEY,
                         *Circuit Judges*,

-----------------------------------------------------------------------------------

GINNA ANNE NOEL PANE,
                    *Plaintiff-Appellee*,

            v.                                          No. 12-490-cv

ROBERT GRAMAGLIA, Sergeant,
                    *Defendant-Cross-Defendant-*
                    *Cross-Claimant-Appellant*,

MICHAEL MUESSER, Police Officer, FRANCIS PUMILLO, Sergeant, JOHN DOE, POLICE OFFICERS 1-10, so named as their identities have yet to be established, PAUL FERTIG, Police Officer and Detective,
                    *D e f e n d a n t s - C r o s s -*
                    *Defendants-Cross-Claimants*,

TOWN OF GREENBURGH, JOHN KAPICA, in his capacity as Chief of the Greenburgh New York Police Department, ERIC WARD,
                    *Defendants-Cross-Defendants*,

DANIEL MASSET, Police Officer, EDWARD OLSEN,
Police Officer,

                        *Defendants.*

-----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:          THOMAS J. TROETTI, ESQ., White Plains,
                                  New York.

APPEARING FOR APPELLEE:           RAVI BATRA, ESQ. (Todd B. Sherman, Esq., *on
                                  the brief*), New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Lisa Margaret Smith, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 10, 2012, is AFFIRMED.

Defendant Robert Gramaglia, a sergeant in the Greenburgh, New York police department, appeals from the denial of his motion for partial summary judgment based on qualified immunity from plaintiff Ginna Anne Noel Pane's claim for unlawful detention without reasonable suspicion in violation of the Fourth Amendment and New York law. Pane responds that we lack jurisdiction over Gramaglia's interlocutory appeal because its resolution turns on disputed issues of fact. Alternatively, she submits that the district court properly denied summary judgment. We review the district court's determination of Gramaglia's entitlement to qualified immunity de novo, see Walcyzyk v. Rio, 496 F.3d 139, 153 (2d Cir. 2007), assuming the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Although we generally lack jurisdiction to review interlocutory orders denying summary judgment, "an exception exists where the defendant asserts a defense of qualified immunity that raises purely legal, rather than factual, issues." Loria v. Gorman, 306 F.3d 1271, 1280 (2d Cir. 2002). Where the question of immunity depends on disputed facts, the issue is not purely legal and, thus, the appeal must be dismissed for lack of jurisdiction. To avoid this result, a defendant may agree to be bound by plaintiff's version of the facts for purpose of the appeal. See id. To the extent Gramaglia professes such agreement here, plaintiff's version of the facts does not support his claim of qualified immunity. To the extent Gramaglia persists in disputing plaintiff's facts, we express no view as to how a factfinder will resolve such matters. We hold only that we lack jurisdiction to review his qualified immunity challenge in such circumstances.

Qualified immunity shields police officers acting in their official capacity from actions for damages under both federal and New York law, unless their actions violate a clearly established right of which an objectively reasonable officer would have known. See Holeman v. City of New London, 425 F.3d 184, 189 (2d Cir. 2005) (discussing immunity in context of federal law); Jenkins v. City of New York, 478 F.3d 76, 86, 88 (2d Cir. 2007) (discussing similar immunity standard under New York common law). It is clearly established under both federal and New York law that a person has the right to be free from even brief seizures by the police, falling short of actual arrest, in the absence of at least

3

reasonable suspicion of criminal activity.  See Terry v. Ohio, 392 U.S. 1, 27 (1968); People v. May, 81 N.Y.2d 725, 727, 593 N.Y.S.2d 760 (1992).

Here, on January 21, 2006, a reasonable police officer would have known from established precedent that having a fellow officer pull a marked police car with activated turret lights behind Pane's parked car, thereby effectively blocking her movement, and directing the vehicle's spot light toward the interior of Pane's vehicle constituted a seizure that required reasonable suspicion.  See United States v. Vasquez, 638 F.2d 507, 522 (2d Cir. 1980) (holding that seizure occurred where police car blocked rear of suspect's vehicle while stopped behind another car at traffic light); People v. Jennings, 45 N.Y.2d 998, 999 (1978) (holding officers seized defendant by "blocking defendant's vehicle with their own"); see also People v. Lopez, 75 A.D.3d 610, 612, 905 N.Y.S.2d 647 (2d Dep't 2010) ("The conduct of the police in pulling in front of the defendant's vehicle, and blocking his ability to exit the parking lot, constituted a stop . . . ."); 4 LaFave, Search & Seizure § 9.4(a) (5th ed. 2012) (observing that "mere approach and questioning" of persons seated in parked vehicle does not constitute seizure, but that "boxing the car in . . . or use of flashing lights as a show of authority . . . will likely convert the event into a Fourth Amendment seizure").[1]

---

[1] In People v. Ocasio, 85 N.Y.2d 982, 629 N.Y.S.2d 161 (1995), cited by Gramaglia, the New York Court of Appeals held that a police officer may approach a parked car without reasonable suspicion for the purpose of requesting information, if the officer has an objectively credible reason for doing so.  Id. at 985.  Because Gramaglia's actions in having a fellow officer block Pane's car went beyond mere approach and questioning, he cannot claim the benefits of that holding in seeking qualified immunity.

4

Insofar as Gramaglia argues that Pane was not seized because she had no intention of leaving her car, see Florida v. Bostick, 501 U.S. 429, 435–36 (1991), the matter is hardly undisputed, much less conceded by Pane. Indeed, an inference that she intended to leave her vehicle finds support in evidence that, when police blocked her vehicle at 9:12 p.m., Pane was in possession of a ticket for a 9:20 p.m. movie.

Gramaglia asserts that he had a reasonable basis for stopping Pane based on the fact that her car was parked at the border of a drug-prone housing site, and that he observed smoke coming out of the windows of her car as she and a companion repeatedly lit a lighter, activity the officer recognized as consistent with smoking marijuana. The problem on this appeal is that Pane disputes Gramaglia's observations, maintaining that the officer could not have seen the couple engaged in anything that looked like marijuana smoking because they had ceased that activity earlier in the evening; at the time of Gramaglia's observations, they were smoking only tobacco cigarettes. We express no opinion as to how a factfinder, with the benefit of direct observation of the parties, will resolve these disputed accounts. Obliged as we are on this appeal to credit Pane's account, we conclude that the facts do not support a reasonable suspicion of criminal activity under established precedent. See Holeman v. City of New London, 425 F.3d at 190 (stating that driving in circuitous route in high-crime area at 4:30 a.m. not enough, standing alone, to support reasonable suspicion); People v. Schobert, 93 A.D.2d 949, 463 N.Y.S.2d 277 (3d Dep't 1983) (stating that police observation of lit item passed among group of people likely did not establish reasonable suspicion).

In sum, to the extent Gramaglia's immunity claim turns on disputed issues of fact, we lack jurisdiction to decide the question. See Loria v. Gorman, 306 F.3d at 1280. To the extent we accept the facts alleged by Pane in reviewing Gramaglia's immunity claim, we are obliged to conclude that no objectively reasonable officer would have believed that those facts raised a reasonable suspicion of criminal activity sufficient to support a stop. See Terry v. Ohio, 392 U.S. at 27; People v. May, 81 N.Y.2d at 727.

We have considered Gramaglia's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6