# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

252

KA 11-00002

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

EUGENE WOFFORD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 21, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of marihuana in the third degree and reckless endangerment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of marihuana in the third degree (§ 221.20), and reckless endangerment in the second degree (§ 120.20). Contrary to defendant's contention, Supreme Court did not err in refusing to suppress the gun and drugs discarded by defendant and later found by the police. A police officer testified at the suppression hearing that he received an anonymous tip regarding drug activity taking place at a certain location. Upon proceeding to the location, the officer found defendant sitting in a parked vehicle, which was similar to the description of the vehicle given by the anonymous caller. As the officer spoke with defendant, he noticed what appeared to be a pile of cigar tobacco on the ground outside the vehicle, and the officer knew, based on his training and experience, that emptying a cigar was a common method of preparing a marihuana cigar, or a "blunt." When the officer asked defendant to step out of the vehicle, defendant instead started the vehicle and sped off, almost striking another officer who was approaching the vehicle on foot. During the ensuing chase, defendant discarded a bag out of the passenger-side window. The bag was later recovered by the police and was found to contain a loaded weapon and marihuana.

The officer's initial approach of defendant and request for

identification was a permissible level one encounter under *People v De Bour* (40 NY2d 210; *see generally People v Hollman*, 79 NY2d 181, 191). Although the officer's request that defendant exit the parked vehicle elevated the situation to a level three encounter under *De Bour* (*see People v Atwood*, 105 AD2d 1055, 1055; *see also People v Harrison*, 57 NY2d 470, 475-476), we conclude that the officer had reasonable suspicion that defendant was engaged in illegal activity based on the anonymous tip and the officer's observation of drug activity, i.e., the pile of cigar tobacco on the ground (*see People v Mays*, 190 Misc 2d 310, 316, *affd* 10 AD3d 556, *lv denied* 4 NY3d 765; *see also Matter of Camille H.*, 215 AD2d 143, 143-144).  In any event, even assuming, arguendo, that defendant was unlawfully detained, we conclude that his criminal conduct in speeding off and almost striking the second officer—conduct for which defendant was convicted of reckless endangerment in the second degree—"severed any causal connection between the unlawful detention and the subsequently-acquired evidence" (*People v May*, 100 AD3d 1411, 1411, *lv denied* 20 NY3d 1063).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of criminal possession of a weapon in the second degree and criminal possession of marihuana in the third degree inasmuch as the evidence established that the bag later found by the police had been possessed by and then discarded by defendant during the chase (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to them (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention that the court erred in denying his request for a missing witness charge.  The testimony of a third officer involved in the police chase would have been cumulative (*see People v Santiago*, 101 AD3d 1715, 1717, *lv denied* 21 NY3d 946; *People v Duda*, 45 AD3d 1464, 1466, *lv denied* 10 NY3d 764; *see generally People v Gonzalez*, 68 NY2d 424, 427).  In any event, any error in failing to give that charge is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the alleged error (*see People v McCune*, 210 AD2d 978, 979, *lv denied* 85 NY2d 864; *see generally People v Crimmins*, 36 NY2d 230, 241-242). Finally, the sentence is not unduly harsh or severe.

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court