■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM RIVERA, Appellant. [47 NYS3d 303]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at suppression hearing; Daniel P. FitzGerald, J., at plea and sentencing), rendered November 5, 2014, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's claim that his abandonment of the marijuana that initially prompted his arrest was in response to unlawful police activity is unpreserved because counsel did not raise that claim at the hearing, and the record does not establish that the court "expressly decided" this issue "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263-264 [1st Dept 2007]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Inasmuch as the sergeant had not engaged defendant in any way before defendant threw the marijuana to the ground, the sergeant's conduct did not constitute even a level one intrusion. Regardless of the sergeant's subjective intent, at the time defendant abandoned the marijuana, the police had not yet interfered with him in any way (*see e.g. People v Foster*, 302 AD2d 403 [2d Dept 2003], *lv denied* 100 NY2d 581 [2003]; *People v Sanchez*, 248 AD2d 306, 307 [1998], *lv denied* 92 NY2d 930 [1998]; *see also People v Thornton*, 238 AD2d 33 [1st Dept 1998]). In any event, the observation of defendant counting small objects in his hand in a drug-prone location provided, at least, an objective, credible reason to warrant a level one request for information, particularly given the well-known fact that "street-level drug sales typically involve small, easily

concealable packages" (*People v Graham*, 211 AD2d 55, 59 [1st Dept 1995], *lv denied* 86 NY2d 795 [1995]). Accordingly, there is no basis for finding that defendant's abandonment of the marijuana was prompted by any unlawful conduct by the police.

The stationhouse strip search that revealed a quantity of cocaine was based on reasonable suspicion that defendant was concealing evidence underneath his clothing, and the search was conducted in a reasonable manner (*see People v Hall*, 10 NY3d 303, 310-311 [2008]). The sergeant found a safety pin attached near the "pocket area" of defendant's pants, and was aware that drug dealers sometimes used safety pins to secure drugs inside their clothing. Additionally, the police encountered defendant in a drug-prone area, he answered evasively when asked where he lived, and his behavior while being patted down was suspiciously aggressive. The record does not support defendant's claim that the positioning of the pin was incompatible with using it to hide drugs. Given the totality of circumstances, the police had the requisite reasonable suspicion that defendant was using the safety pin to conceal drugs under his clothing.

We perceive no basis for reducing the sentence. Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.