The People of the State of New York, Respondent,
against
Ryan Larkin, Appellant.


Suffolk County Legal Aid Society (Lisa A. Marcoccia of counsel), for appellant.
Suffolk County District Attorney (Elizabeth Miller of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Richard T. Dunne, J.), rendered October 20, 2015. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se) and operating a motor vehicle with a suspended registration, respectively, and imposed sentences. The appeal brings up for review so much of an order of that court dated November 12, 2014 as denied the branches of defendant's motion seeking to suppress physical evidence and statements, and to dismiss the accusatory instrument charging defendant with operating a motor vehicle with a suspended registration.
ORDERED that the judgments are reversed, on the law, so much of the order dated November 12, 2014 as denied the branches of defendant's motion seeking to suppress physical evidence and statements, and to dismiss the accusatory instrument charging defendant with operating a motor vehicle with a suspended registration is vacated, those branches of defendant's motion are granted, the accusatory instruments are dismissed, and the fines, if paid, are remitted.
The People charged defendant, in separate informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and, in a simplified traffic information, with operating a motor vehicle with a suspended registration (Vehicle and Traffic Law § 512), based on an incident that had occurred in a parking lot. Defendant moved to suppress physical evidence and statements, and to dismiss the accusatory instrument charging defendant with operating a motor [*2]vehicle with a suspended registration on the ground that the offense cannot be committed in a parking lot.
At a combined Huntley/Dunaway/Mapp hearing, a state trooper testified that, at 2:56 a.m., while on motor patrol in the Village of Mastic, he observed a vehicle in a gas station/convenience store parking lot, parked parallel to the store. The vehicle's engine was running, its lights were on, and defendant, in the driver's seat, appeared to be leaning over on his side. Concerned that a criminal act might be in progress or that defendant was in distress, the trooper entered the parking lot, pulled up near defendant's vehicle, which was otherwise lawfully situated, and approached defendant on the driver's side. Observing defendant either "passed out" or "sleeping" in a "contorted" posture, the trooper knocked on the window, identified himself, and asked defendant if he was "okay." After two or three such attempts, defendant responded, but he initially appeared disoriented and "groggy." Without any further inquiry or investigation, the trooper ordered defendant to exit his vehicle. As defendant complied, he exhibited several indicia of intoxication, and, after an investigation, the trooper arrested defendant for common law driving while intoxicated and operating a motor vehicle with a suspended registration. Defendant was later charged with driving while intoxicated (per se), when a blood alcohol test produced a reading of .16 of one per centum by weight. 
After the hearing, the District Court denied the branch of defendant's motion seeking to suppress evidence, concluding, among other things, that the trooper's initial approach to defendant was lawful, and that defendant's posture and his demeanor upon being awakened justified the trooper's order that defendant leave his vehicle. The court also denied the branch of the motion seeking to dismiss the accusatory instrument charging defendant with operating a motor vehicle with a suspended registration, finding that the offense can be committed even if the operation of the vehicle was solely within a parking lot.
Following a jury trial, defendant was acquitted of common law driving while intoxicated, and convicted of driving while intoxicated (per se) and of operating a motor vehicle with a suspended registration. On appeal, defendant contends, among other things, that the District Court erred in denying the branches of his motion which were to suppress physical evidence and statements, and to dismiss the accusatory instrument charging defendant with operating a motor vehicle with a suspended registration.
The trooper had an "objective, credible reason" for his initial approach to defendant (People v Hollman, 79 NY2d 181, 185 [1992]), and he was thereby authorized to "request information, including identification and information related to the lawful operation of the vehicle" (People v Stevenson, 149 AD3d 1271, 1272 [2017]; see also People v Ocasio, 85 NY2d 982, 984 [1995]; People v Spencer, 84 NY2d 749, 753 [1995]; People v Smith,2002 NY Slip Op 40418[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). When evaluating a police action, "we consider whether it was justified at its inception, and, if so, whether it was 'reasonably related in scope to the circumstances which justified the interference in the first place' " (People v Boler, 106 AD3d 1119, 1121 [2013], quoting People v William II, 98 NY2d 93, 98 [2002] [internal quotation marks and citation omitted]). The foregoing conduct invaded no legitimate expectation of privacy or defendant's " 'right to be let alone' " (People v Jones, 164 AD3d 1363, 1366 [2018], quoting People v Holmes, 81 NY2d 1056, 1058 [1993]; see People v Foster, 302 AD2d 403, 404 [2003] ["the police may observe a defendant 'provided that they do [*3]so unobtrusively and do not limit defendant's freedom of movement by so doing' "], quoting People v Howard, 50 NY2d 583, 592 [1980]; see also People v Rozier, 143 AD3d 1258, 1259 [2016]), and imposed no intrusion of constitutional dimensions (see People v Rivera, 147 AD3d 563, 563 [2017]; People v Thomas, 19 AD3d 32, 39 [2005]; People v Scire,57 Misc 3d 157[A], 2017 NY Slip Op 51661[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
In the context of lawful motor vehicle stops, an officer's request that the operator exit his or her vehicle is virtually per se reasonable to insure the officer's safety (see People v Robinson, 74 NY2d 773, 774 [1989]; People v Harrison, 57 NY2d 470, 477 [1982]; see also Pennsylvania v Mimms,434 US 106 [1977]; People v Garcia, 20 NY3d 317, 321-322 [2012] ["the intrusion occasioned by requiring an occupant to expose to view very little more of his person than is already exposed is de minimis and cannot prevail when balanced against the legitimate concerns for the officer's safety"] [internal quotation marks and citation omitted]). However, where, as here, the vehicle has not been stopped, but rather was legally parked, confining a person to the vehicle, however temporarily (People v Spencer, 84 NY2d at 753; People v Harrison, 57 NY2d at 476), and even asking an occupant "to place their hands where they could be seen, for officer safety" (People v Clay, 147 AD3d 1499, 1500 [2017]; People v Packer, 49 AD3d 184, 188 [2008]), represent "the constitutional equivalent[s] of a stop" (People v Creary, 61 AD3d 887, 889 [2009]). The trooper's order to defendant to exit his vehicle, which was lawfully parked, is of a similar nature and must also be considered the constitutional equivalent of a stop, and therefore must be based on a "reasonable suspicion" on the trooper's part that defendant "ha[d] committed, is committing or is about to commit [an offense]" (People v De Bour, 40 NY2d 210, 223 [1976]). Reasonable suspicion requires " 'the quantum of knowledge [necessary] to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (People v Hurdle, 106 AD3d 1100, 1104 [2013], quoting People v Cantor, 36 NY2d 106, 112-113 [1975]; see e.g. People v Wofford, 115 AD3d 1332, 1333 [2014]; People v Thomas, 275 AD2d 276, 278 [2000]; People v Atwood, 105 AD2d 1055, 1055 [1984]; see also People v Lopez, 75 AD3d 610, 611 [2010]). The fact that the sleeping defendant's position appeared uncomfortable and that defendant exhibited difficulty in being awakened and disorientation upon being awakened, did not provide the trooper with a reasonable belief that defendant was, in fact, "involved in criminal acts" or that he "posed some danger" to the trooper (People v Creary, 61 AD3d at 889; see e.g. People v Hira, 32 Misc 3d 129[A], 2011 NY Slip Op 51298[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), so as to justify his order to defendant to exit his vehicle. Thus, the branch of defendant's motion seeking to suppress physical evidence and statements should have been granted. Consequently, the judgment convicting defendant of driving while intoxicated (per se) must be reversed and the accusatory instrument charging that offense dismissed because, as a result of the proof of the gravamen of the offense being suppressed, "[t]he People [are] unable to adduce legally sufficient evidence to prove . . . defendant's guilt of the crime[ ]" (People v Theodore, 114 AD3d 814, 818 [2014]). In light of the foregoing, we need not address defendant's contentions regarding the admissibility of evidence that the simulator solution of the instrument used to test defendant's blood alcohol content was in proper condition for testing, or the sufficiency of the proof of driving while intoxicated (per se).
With respect to the accusatory instrument charging defendant with operating a motor [*4]vehicle with a suspended registration in violation of Vehicle and Traffic Law § 512, we note that, to commit this offense, a person must have "operate[d a] motor vehicle upon a public highway." Vehicle and Traffic Law § 134 defines "public highway" to be "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way," and Vehicle and Traffic Law § 129-b defines "parking lot" as: "Any area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments." For purposes of Vehicle and Traffic Law § 512, a parking lot cannot be deemed a "public highway" by any reasonable application of the term (see People v Thew, 44 NY2d 681, 682 [1978] [a "public highway . . . must be a public way; that is, it must be a way over which the public have a general right of passage"] [internal quotation marks and citation omitted]; see e.g. People v Mills, 45 AD3d 1348 [2007]). Under the particular facts presented, we find that it would be inappropriate to apply the rule that allows the inference of operation on a public highway by virtue of the presence of a defendant's vehicle at a location that is inaccessible other than by means of a public highway (cf. People v Fenger, 68 AD3d 1441, 1443 [2009]; People v Cosimano, 40 Misc 3d 132[A], 2013 NY Slip Op 51141[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Consequently, the branch of defendant's motion seeking to dismiss the accusatory instrument charging defendant with operating a motor vehicle with a suspended registration on the ground that the offense cannot be committed in a parking lot should have been granted (cf. Vehicle and Traffic Law §§ 1100 [a]; 1192 [7]).
Accordingly, the judgments are reversed, so much of the order dated November 12, 2014 as denied the branches of defendant's motion seeking to suppress physical evidence and statements, and to dismiss the accusatory instrument charging defendant with operating a motor vehicle with a suspended registration is vacated, those branches of defendant's motion are granted and the accusatory instruments are dismissed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018