People v Dubuisson (2022 NY Slip Op 03740)

People v Dubuisson

2022 NY Slip Op 03740

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-03422
2020-06839
 (Ind. No. 19-00250)

[*1]The People of the State of New York, appellant,
v
Spencer Dubuisson, respondent.

Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel; Carly G. Gresham on the brief), for appellant.
James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for respondent.

DECISION & ORDER
Appeal by the People from (1) an order of the County Court, Rockland County (Larry J. Schwartz, J.), dated March 3, 2020, and (2) an order of the same court dated July 29, 2020. The order dated March 3, 2020, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. The order dated July 29, 2020, insofar as appealed from, in effect, upon reargument, adhered to the original determination in the order dated March 3, 2020.
ORDERED that the appeal from the order dated March 3, 2020, is dismissed, as that order was superseded by the order dated July 29, 2020, made upon reargument; and it is further,
ORDERED that the order dated July 29, 2020, is affirmed insofar as appealed from.
A police officer testified at a suppression hearing that, shortly before 11:00 p.m. on September 9, 2019, he was on routine patrol when he noticed the defendant's vehicle stopped with its headlights on in a no-parking area, backed up to floodgates. The officer testified that he stopped his patrol car directly in front of the defendant's vehicle, with the intention of blocking it from leaving the area. He further testified that he saw two men seated in the vehicle, and immediately approached to inquire. The officer acknowledged that, prior to approaching the vehicle, he did not observe any behavior that would raise a suspicion of criminal activity. When the officer reached the vehicle, the window of the car was lowered, and the officer detected the smell of marijuana. Upon the officer's inquiry about the smell, the defendant handed the officer a bag of marijuana and a cigar, which he had been holding, and which contained a leafy green substance. The officer subsequently searched the vehicle, and recovered a handgun and an additional bag of marijuana. After the defendant was arrested, he made incriminating statements during an interview with a detective.
The defendant was indicted for criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm, and unlawful possession of marijuana. In an omnibus motion, he moved, inter alia, to suppress the weapon, the marijuana, and his statements to the police. In an order dated March 3, 2020, after a hearing, the County Court granted those branches of the defendant's omnibus motion. The People moved for [*2]leave to reargue. In an order dated July 29, 2020, the court, in effect, upon reargument, adhered to its prior determination. The People appeal.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Rhames, 196 AD3d 510, 511-512 [internal quotation marks omitted]). "Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Brown, 198 AD3d 803, 805).
"Where police acting in their law enforcement capacity initiate an encounter with private citizens, the propriety of the encounter must be assessed under the four-tiered analytical framework articulated in People v De Bour (40 NY2d 210 [1976])" (People v Brown, 198 AD3d at 805; see People v McIntosh, 96 NY2d 521, 525). "[L]evel one permits a police officer to request information from an individual and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality; level two, the common-law right of inquiry, permits a somewhat greater intrusion and requires a founded suspicion that criminal activity is afoot; level three authorizes an officer to forcibly stop and detain an individual, and requires a reasonable suspicion that the particular individual was involved in a felony or misdemeanor; level four, arrest, requires probable cause to believe that the person to be arrested has committed a crime" (People v Moore, 6 NY3d 496, 498-499; see People v De Bour, 40 NY2d at 223). "Reasonable suspicion has been defined as 'that quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand'" (People v Loper, 115 AD3d 875, 878, quoting People v Martinez, 80 NY2d 444, 448). "Whether a police intrusion has amounted to a forcible stop and detention turns on whether there has been 'a significant interruption with an individual's liberty of movement'" (People v Loper, 115 AD3d at 878, quoting People v De Bour, 40 NY2d at 216).
Contrary to the People's contention, the conduct of the officer in deliberately blocking the defendant's car "constituted a stop, which required reasonable suspicion that the defendant or other occupants of the vehicle were either involved in criminal activity or posed some danger to the police" (People v Lopez, 75 AD3d 610, 612; see People v Williams, 177 AD3d 1312; People v Loper, 115 AD3d at 879; cf. People v Thomas, 19 AD3d 33). The officer testified that, prior to approaching the vehicle, he did not observe any behavior that would raise a suspicion of criminal activity. Accordingly, the stop was illegal, and the physical evidence and the defendant's statements were properly suppressed as the fruits of that illegal action.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court