People v Taylor (2024 NY Slip Op 01449)

People v Taylor

2024 NY Slip Op 01449

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

882 KA 19-01174

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES TAYLOR, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered May 23, 2019. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from an incident in which a patrol lieutenant and other police officers approached a vehicle in which defendant was a passenger while the vehicle was parked at a gas station. During the encounter, the patrol lieutenant directed defendant and the other occupants to exit the vehicle, at which time the officers observed the firearm in question in the back seat of the vehicle.
Although defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence, " 'we necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). We nonetheless conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in refusing to suppress the firearm. In its decision following the suppression hearing, the court determined that the patrol lieutenant "had an objective credible reason to approach and request information from each occupant and to have them step out of the car to do so," and that the conduct of the patrol lieutenant and the other officers in that regard was thus lawful under the first level of the De Bour hierarchy (see generally People v De Bour, 40 NY2d 210, 222-223 [1976]). The court further determined that, after having the occupants exit the vehicle, the officers lawfully observed the firearm in plain view, thus providing probable cause to seize the firearm.
Defendant contends on appeal, and the People correctly concede, that the patrol lieutenant engaged in a level three intrusion under
De Bour when he ordered the occupants out of the vehicle (see People v Wofford, 115 AD3d 1332, 1333 [4th Dept 2014], lv denied 24 NY3d 966 [2014]). Although an "officer's initial approach of [a person] and request for identification [may constitute] a permissible level one encounter" under De Bour, it is well established that an "officer's request that [a person] exit [a] parked vehicle elevate[s] the situation to a level three encounter under De Bour" and requires reasonable suspicion that criminal activity is afoot (id.; see People v Atwood, 105 AD2d 1055, 1055 [4th Dept 1984]; see generally People v Harrison, 57 NY2d 470, 475-476 [1982]).
Because the court erroneously concluded that the patrol lieutenant engaged in only a level one intrusion when he directed defendant to step out of the vehicle, the court had no occasion to consider whether the patrol lieutenant had reasonable suspicion justifying that directive (cf. Wofford, 115 AD3d at 1333). Although the People concede that the patrol lieutenant lacked reasonable suspicion, we are precluded "from reviewing an issue that . . . was not decided by the trial court" (People v Ingram, 18 NY3d 948, 949 [2012]). Therefore, we hold the case and remit the matter to County Court to determine based on the evidence presented at the suppression hearing whether the patrol lieutenant had reasonable suspicion to direct defendant to exit the vehicle.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court