People v Cisse (2025 NY Slip Op 06827)

People v Cisse

2025 NY Slip Op 06827

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Ind No. 71052/23 70546/23|Appeal No. 5301-5302|Case No. 2024-00822 2024-02029|

[*1]The People of the State of New York, Respondent,
v
Syndou Cisse, Defendant-Appellant. 

Gordon & Gordon, P.C., Forest Hills (Peter S. Gordon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.
Darcel D. Clark, District Attorney, Bronx (Joseph Tucker of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey Stone, J., at suppression hearing; Raymond Bruce, J., at plea and sentencing), rendered December 11, 2023, convicting defendant of criminal possession of a firearm, and sentencing him to a jail term of 364 days; and judgment, Supreme Court, New York County (Miriam Best, J.), rendered January 11, 2024, convicting him, upon his plea of guilty, of attempted assault in the first degree, and sentencing him to a term of seven years, to run concurrently with the sentence on his Bronx conviction, unanimously affirmed.
The court properly denied defendant's suppression motion under his Bronx County indictment. Inasmuch as the police had only observed defendant, without engaging or interfering with him in any way, before defendant abandoned the firearm on the wheel of a parked van, the police conduct did not constitute even a level one intrusion (see People v Rivera, 147 AD3d 563, 563 [1st Dept 2017], lv denied 29 NY3d 1000[2017]; see also People v Thornton, 238 AD2d 33 [1st Dept 1998]). Accordingly, there is no basis for finding that defendant's abandonment of the firearm was prompted by any unlawful conduct by the police. The record also supports the court's finding that, regardless of the legality of the police pursuit, the seizure was lawful under the doctrine of abandonment (see People v Boodle, 47 NY2d 398, 402 [1979], cert denied 444 US 969 [1979]).
This Court lacks jurisdiction on appeal from the judgment of conviction under defendant's New York County indictment to review the suppression ruling under a different indictment (see generally People v Juarez, 31 NY3d 1186, 1187 [2018] ["no appeal lies from an order arising out of a criminal proceeding absent specific statutory authority"]). In any event, nothing in the record suggests that the Bronx suppression ruling affected defendant's decision to plead guilty under the New York County indictment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025