OPINION OF THE COURT
Memorandum.
Judgments of conviction affirmed.
The record establishes that the defendants scaled a fence containing signs warning against trespass and entered a naval facility under construction on Staten Island. They did so in protest against nuclear weapons which they thought would be aboard vessels entering the port when the facility was completed.
 As they did in the court below, defendants maintain that their actions fell within the purview of the justification defense set forth in section 35.05 of the Penal Law. They also contend that they are immune from prosecution because their protest was protected by the constitutional guarantee of free speech. Neither contention has any merit.
The alleged danger which was the subject of the protest lacked the requisite immediacy and the action taken cannot be deemed reasonably calculated to avoid it (see, United States v Dorrell, 758 F2d 427; United States v May, 622 F2d 1000, cert denied 449 US 984). Nor can the defendants claim international or humanitarian law as a basis of justification. They cite no provision prohibiting the possession of nuclear weapons and the so-called "Nuremberg defense” is unavailable to them (see, United States v Montgomery, 772 F2d 733). Turning to the issue of freedom of speech, the fact that the facility involved was Government owned does not guarantee access for First Amendment purposes (United States Postal Serv. v Greenburgh Civ. Assns., 453 US 114, 129). On the contrary, the Government has the power to insure that its property is used "for the use to which it is lawfully dedicated” (Adderley v Florida, 385 US 39, 47, reh denied 385 US 1020). The guarantee of free speech attaches to those premises which "have traditionally served as a place for free public assembly and communication of thoughts by private citizens” (Greer v Spock, 424 US 828, 838). A military facility, such as the one involved *120 here, clearly does not qualify as such a location (see, Greer v Spock, supra).
Finally, with respect to the alleged denial of defendants’ statutory right to a speedy trial, the record reveals that defendants only sought to dismiss the information in the event trial did not commence on December 19, 1988. Since the trial did, in fact, begin on that date, any violation of CPL 30.30 was waived (cf., People v Jordan, 62 NY2d 825).
We find no merit to defendants’ remaining contentions.
Monteleone, J. P., Williams and Santucci, JJ., concur.