OPINION OF THE COURT
Memorandum.
The defendant was convicted of disorderly conduct and trespassing, in that he intentionally entered upon property *16 owned by the City of Peekskill in an attempt to prevent the demolition of a building.
Contrary to the contention raised by defendant, the court below properly rejected his proifered defense of justification (see, Penal Law § 35.05 [2]; People v Craig, 78 NY2d 616). Viewed from a purely objective standpoint, the alleged harm sought to be avoided by defendant’s actions did not constitute an imminent public or private injury within the meaning of Penal Law § 35.05 (2). Defendant’s belief that someone could be injured because the city did not barricade the area, that asbestos in the building would contaminate the area because of a lack of dust control procedures or that a possible historic site was going to be destroyed, was not based upon objective standards. It was merely his subjective belief that these events would occur if the building were destroyed. The defendant’s unlawful conduct cannot reasonably be viewed as a necessary choice over alternative legal courses of action to stop the demolition of the building. We also note that the defendant’s conduct was not reasonably calculated to prevent the alleged harm. Inasmuch as the trial court correctly ruled as a threshold legal matter that a justification defense did not lie, its refusal to allow certain witnesses to testify in support of the defense was not error.
Defendant’s remaining contentions are either unpreserved for appellate review or without merit.
Coppola, J. P., Doyle and Colabella, JJ., concur.