People v Berlin (2020 NY Slip Op 20271)

People v Berlin

2020 NY Slip Op 20271 [70 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 20, 2021

[*1]

The People of the State of New York, Respondent,
v
Rebecca Berlin, Appellant.

The People of the State of New York, Respondent,
 v Janet Gonzalez, Appellant.

 The People of the State of New York, Respondent, v David Publow, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, October 8, 2020

APPEARANCES OF COUNSEL

David N. Dorfman for appellant.
Anthony A. Scarpino, Jr., District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

{**70 Misc 3d at 3} OPINION OF THE COURT

Memorandum.

Ordered that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further ordered that the judgments of conviction are affirmed.
Defendants were charged with, among other things, trespassing (Penal Law § 140.05) in an accusatory instrument which alleged that, on or about October 10, 2016, at about 7:00 a.m., they knowingly entered and remained unlawfully at the fenced-in Spectra Energy property in Verplanck, in the Town of Cortlandt, Westchester County.
After the Justice Court granted defendants' request to present a defense of justification by necessity (Penal Law § 35.05), a joint nonjury trial was conducted. A Spectra Energy employee, testifying on behalf of the prosecution, explained that the Spectra Energy property in Verplanck was part of the Algonquin Incremental Marketing (AIM) pipeline project. The project involved replacing existing 26-inch gas pipelines that went through the middle of the Indian Point Energy Center with 42-inch pipes that were offset farther away from Indian Point. In connection with the AIM project, drilling was also being done in order to run the pipeline underneath the Hudson River, and other modifications were being made to the pipeline throughout New York, Connecticut, Massachusetts, and Rhode Island. Numerous New York State troopers, investigators, and analysts also testified on behalf of the prosecution regarding the acts committed by defendants. The record establishes that defendants scaled a seven-foot fence containing signs warning against trespass, entered Spectra Energy property upon which installation of gas pipeline pipe related to the AIM project was ongoing, and entered and remained in an uninstalled section of open pipe for 16 hours.
Defendants, as well as three expert witnesses on energy infrastructure safety, ecology and environmental biology, and medicine, respectively, testified on behalf of the defense. The claimed public injuries which defendants were seeking to avoid through their actions were the threat of a future possible rupture of the AIM pipeline and the environmental and health impacts that would be caused and exacerbated by the future operation of the AIM pipeline. Defendants' conduct was planned in advance with the stated intention of raising public awareness and causing enough of a disruption to delay construction of the AIM pipeline project, with the hope that the project{**70 Misc 3d at 4} would ultimately be terminated. The defense experts testified regarding the type of damage that could be caused by pipeline ruptures, the environmental effects of methane emissions, and the health concerns related to the emission of shale gas.
Following the trial, the Justice Court determined that defendants were not entitled to the defense of justification by necessity and found defendants guilty of trespass, sentencing each of them to an unconditional discharge.
Pursuant to Penal Law § 140.05, "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." Before determining whether the prosecution proved defendants' guilt of trespassing beyond a reasonable doubt, the Justice Court had to determine whether, as a matter of law, "the claimed facts and circumstances would, if established, constitute [the] defense" of justification by necessity (Penal Law § 35.05 [2]). Penal Law § 35.05 (2) provides as follows:
"Unless otherwise limited by the ensuing provisions of this article defining justifiable use [*2]of physical force, conduct which would otherwise constitute an offense is justifiable and not criminal when: . . .
"Such conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue. The necessity and justifiability of such conduct may not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."
Defendants failed to meet the requirements necessary to establish a justification by necessity defense under Penal Law § 35.05 (2). "[T]he requirement that the impending injury must be 'imminent' and 'about to occur' implies that the impending harm must constitute a present, immediate threat, i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote" (People v Cromwell, 64 Misc 3d 53, 60 [App{**70 Misc 3d at 5} Term, 2d Dept, 9th & 10th Jud Dists 2019]; see People v Craig, 78 NY2d 616, 623 [1991]). The public injury which defendants sought to prevent lacked the immediacy required by Penal Law § 35.05 (2) (see People v Cromwell, 64 Misc 3d 53). Consequently, defendants' actions on October 10, 2016, were not "necessary as an emergency measure" to prevent a purported public injury (Penal Law § 35.05 [2]).
Furthermore, the requirement that the conduct be "necessary as an emergency measure" (Penal Law § 35.05 [2]) to avoid an injury contemplates conduct which is not only warranted by the circumstances as an emergency response but is also reasonably calculated to have an actual effect in preventing the harm (People v Craig, 78 NY2d at 623). This requirement "rules out conduct that is tentative or only advisable or preferable or conduct for which there is a reasonable, legal alternative course of action" (id. at 623; see People v O'Grady, 147 Misc 2d 118, 119 [App Term, 2d Dept, 2d & 11th Jud Dists 1990]). Defendants' conduct, planned in advance with the stated intention of raising public awareness and causing enough of a disruption to delay construction of the AIM pipeline project in the hopes that it might be terminated, cannot be considered to have been reasonably calculated to actually prevent any harm presented merely by the construction of the pipeline (see People v Cromwell, 64 Misc 3d at 60; People v Yajure, 190 Misc 2d 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]).
Having found, as a matter of law, that "the claimed facts and circumstances" do not support a defense of justification by necessity (Penal Law § 35.05 [2]), and as defendants readily admitted, and the People proved beyond a reasonable doubt, that, on October 10, 2016, they knowingly entered and remained unlawfully on Spectra Energy property, the Justice Court [*3]properly found them guilty of trespassing (Penal Law § 140.05).
Accordingly, the judgments of conviction are affirmed.
Adams, P.J., Tolbert and Ruderman, JJ., concur.