■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE HARRIS, Appellant. [629 NYS2d 483] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered June 8, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On August 17, 1991, at approximately 12:55 A.M., Police Officers Adam Heege and Robert Manning were on patrol near a housing project in the Brownsville section of Brooklyn. While at the intersection of Pitkin Avenue and Thatford Street, the officers heard gunshots coming from the housing project. Within seconds the officers entered the project via a pedestrian path, heard a car accelerate, and then saw a red Mercury Tracer rental car approaching them on the path coming from the direction of the shots. The passenger, later identified as the defendant, quickly ducked down behind the dashboard for a moment. The police officers stopped the car and when they approached the vehicle, the defendant got out and began to fight with Officer Manning. The defendant was finally subdued, arrested, and taken back to the precinct house. Officer Manning searched the defendant pursuant to the arrest, and discovered a gun holster in his waistband. Thereafter, an inventory search of the car was conducted and a 9-millimeter firearm was found under the passenger's seat.

The police officers had reasonable suspicion to stop the vehicle (*see, People v Hollman*, 79 NY2d 181; *People v De Bour*, 40 NY2d 210). Once the defendant started fighting with the police officer there was probable cause to arrest him. Further, the police were fully authorized to conduct an inventory search of the vehicle after the defendant's lawful arrest, with the result that the gun found therein was admissible at trial (*see generally, People v Gonzalez*, 62 NY2d 386).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.