■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST W. DUNCAN, Appellant. [660 NYS2d 81] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 7, 1995, upon a verdict convicting defendant of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and unauthorized use of a motor vehicle.

On October 13, 1994, Albany County Deputy Sheriff William Riley was dispatched to the intersection of County Route 353 and Littner Road in the Town of Rensselaerville, Albany County, to investigate a report that a vehicle operated by defendant had been abandoned in a ditch. Upon arriving at his destination, Riley was advised by an unidentified individual that defendant was walking on nearby Lake Road harassing people. Upon locating defendant, Riley informed him that he had a warrant for his arrest and then began to question defendant as to how he arrived in Rensselaerville and whether he had been drinking, in response to which defendant made incriminating admissions. Defendant thereafter was indicted, charged with and convicted of driving while intoxicated as a felony, aggravated unlicensed operation of a motor vehicle in the first degree and unauthorized use of a motor vehicle and sentenced accordingly.

Defendant's principal contention on this appeal is that County Court erred in failing to suppress his statements made to Riley. We agree. In order to execute a warrant of arrest, the arresting officer must merely inform the defendant that such a warrant has been issued (see, CPL 120.80 [2]).* Inasmuch as Riley advised defendant that he had a warrant for his arrest, defendant was in custody at that moment and any admissions obtained thereafter without the benefit of *Miranda* warnings should have been suppressed.

Moreover, even assuming that Riley had not effected defendant's arrest pursuant to the warrant, defendant's admissions nevertheless would be suppressible. It is axiomatic that a defendant is deemed to be in custody for *Miranda* purposes if a

---

* The fact that the defendant is not advised of the offense designated in the warrant, as required by CPL 120.80 (2), does not serve to vitiate the arrest (see, *People v Johnson*, 115 AD2d 330).

reasonable person, innocent of any wrongdoing, would perceive, under the circumstances, that he or she was in custody (*see, e.g., People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). It is unlikely that a reasonable person, having been advised by the police that they had a warrant for his or her arrest, would not deem himself or herself to be in custody.

Inasmuch as the statements found herein to be inadmissible were introduced by the People on their direct case at defendant's trial, there must be a reversal and new trial. We have considered all of defendant's remaining contentions and, to the extent that they are properly before this Court, we find them to be without merit.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and matter remitted to the County Court of Albany County for a new trial.

