# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**332**

**KA 13-00818**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JUSTIN JONES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered August 14, 2012. The appeal was held by this Court by order entered October 9, 2015, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (132 AD3d 1388). The proceedings were held and completed (Alex R. Renzi, J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We previously held the case, reserved decision, and remitted the matter to Supreme Court for a probable cause hearing to determine the lawfulness of defendant's arrest and the admissibility of evidence obtained by the police as a result thereof (*People v Jones*, 132 AD3d 1388). A different Supreme Court Justice conducted the probable cause hearing upon remittal, and we conclude that the court properly determined that there was reasonable suspicion to detain defendant until the showup identification procedure was conducted.

Contrary to defendant's contention, the People established that there was reasonable suspicion to believe that defendant "was involved in a felony or misdemeanor," thus justifying his forcible stop and detention (*People v Hollman*, 79 NY2d 181, 185; *see generally People v Cantor*, 36 NY2d 106, 112-113). A police officer who had been called to the scene in the early morning hours heard numerous gunshots and saw a cloud of smoke coming from the area of those gunshots, i.e., an area between two vehicles. Immediately thereafter, the officer observed defendant and another man "pop[] up" from behind one of the vehicles. Inasmuch as defendant's temporal and spatial proximity to

the area from where the shots were fired "made it highly unlikely that the suspect had departed and that, almost at the same moment, an innocent person . . . coincidentally arrived on the scene" (*People v Johnson*, 63 AD3d 518, 518, *lv denied* 13 NY3d 797; *cf. People v Mabeus*, 68 AD3d 1557, 1562, *lv denied* 14 NY3d 842), we conclude that the officer had the requisite reasonable suspicion to stop and detain defendant.

Contrary to defendant's further contention, he was not subjected to a de facto arrest based on the fact that he was held for approximately 45 minutes until the showup identification procedure could take place where, as here, the identification procedure took place "in the course of a continuous, ongoing investigation" (*People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803; *see People v Boyd*, 272 AD2d 898, 899, *lv denied* 95 NY2d 850; *cf. People v Ryan*, 12 NY3d 28, 30-31; *see generally People v Brisco*, 99 NY2d 596, 597 n). Finally, we conclude that, once defendant was positively identified by two witnesses, there was probable cause for his arrest (*see People v Carson*, 122 AD3d 1391, 1392, *lv denied* 25 NY3d 1161; *People v Dumbleton*, 67 AD3d 1451, 1452, *lv denied* 14 NY3d 770).

Entered: March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court