People v Fitts (2020 NY Slip Op 06654)





People v Fitts


2020 NY Slip Op 06654


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


975 KA 18-00872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAIEM D. FITTS, DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), entered March 6, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). We agree with defendant that Supreme Court erred in refusing to suppress the gun seized by the police because they lacked reasonable suspicion to stop the vehicle in which he was a passenger. According to the testimony at the suppression hearing, at approximately 12:50 a.m., an officer assisting other officers with a traffic stop heard multiple gunshots coming from the north or northeast. He proceeded north, passing two intersecting streets and looked, but did not see, any pedestrians or vehicles on those streets. On the next intersecting street, he looked to his right and saw the taillights of a vehicle moving fairly slowly. He followed the vehicle and then stopped it, explaining that he wanted to conduct a traffic stop to investigate if a crime had been committed. He testified that less than a minute passed from the time he heard the shots until he saw the subject vehicle and that less than two minutes passed from the time he heard the shots until he stopped the vehicle.
It is well settled that automobile stops are considered "seizure[s] implicating constitutional limitations" (People v Spencer, 84 NY2d 749, 752 [1995], cert denied 516 US 905 [1995]) and, as relevant here, are lawful "when based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Hinshaw, — NY3d &mdash, 2020 NY Slip Op 04816, *2 [2020], citing Spencer, 84 NY2d at 752-753). A vehicle stop is a level three intrusion under People v De Bour (40 NY2d 210 [1976]), i.e., a forcible seizure, not a level two intrusion under De Bour, which is the common-law right to inquire based on a "founded suspicion that criminal activity is afoot" (id. at 223; see Spencer, 84 NY2d at 752).
Considering the "totality of the circumstances" here (People v Wallace, 181 AD3d 1214, 1215 [4th Dept 2020]), we conclude that the People failed to establish the legality of the police conduct (see generally People v Wise, 46 NY2d 321, 329 [1978]). As noted, the People established that the police stopped the vehicle less than two minutes after hearing the shots fired, the incident occurred in the early morning hours, the police did not see any pedestrian or vehicular traffic other than the subject vehicle after the shots were fired, and the vehicle was found in proximity to the location of the shots fired. The police, however, were not given a description of the vehicle involved or even informed whether there was a vehicle involved (cf. [*2]People v Camber, 167 AD3d 1558, 1558 [4th Dept 2018], lv denied 33 NY3d 946 [2019]), the officer did not give any testimony regarding whether he saw any pedestrian or vehicle traffic before hearing the shots fired (cf. People v Floyd, 158 AD3d 1146, 1146-1147 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]), and the vehicle was not fleeing from the area where shots were fired (cf. id.; People v Harris, 217 AD2d 666, 666 [2d Dept 1995], lv denied 87 NY2d 847 [1995]). Rather, the subject vehicle was simply a vehicle that was in the general vicinity of the area where shots were heard (see People v Layou, 71 AD3d 1382, 1383-1384 [4th Dept 2010]). As the officer correctly recognized, the police had a founded suspicion that criminal activity was afoot to justify a common-law right to inquire (see People v Blackwell, 206 AD2d 300, 301 [1st Dept 1994], appeal dismissed 85 NY2d 851 [1995]), but they did not have the required reasonable suspicion to justify the seizure of the vehicle. We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress the physical evidence seized, and dismiss the indictment.
Based on our determination, we need not reach defendant's remaining contentions.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court