People v Jennings (2022 NY Slip Op 00755)





People v Jennings


2022 NY Slip Op 00755


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, AND BANNISTER, JJ.


33 KA 17-00966

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONY JENNINGS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
TONY JENNINGS, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 8, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). The conviction arises from a police encounter during which officers approached a parked vehicle in which defendant, one of the two occupants, was sitting in the driver's seat. The encounter resulted in the recovery of, inter alia, cocaine and cash from defendant's person, as well as a digital scale with drug residue from inside his vehicle.
Defendant contends in his main and pro se supplemental briefs that the police lacked reasonable suspicion to justify the seizure of the vehicle, and therefore County Court erred in refusing to suppress both the physical property seized from defendant and the vehicle, as well as inculpatory statements made by defendant during booking following his arrest. We agree. Initially, we conclude that the police officers effectively seized defendant's vehicle when they parked their patrol vehicle in such a manner that, for all practical purposes, prevented defendant from driving his vehicle away (see People v Jennings, 45 NY2d 998, 999 [1978]; People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]; People v Layou, 71 AD3d 1382, 1383 [4th Dept 2010]). Furthermore, we conclude that the People did not have "reasonable suspicion that defendant had committed, was committing, or was about to commit a crime" to justify their seizure of the vehicle inasmuch as the seizure was based only on defendant's presence in a vehicle parked in a high crime area, and on the police officers' observation of furtive movements inside the vehicle (Layou, 71 AD3d at 1383; see People v Williams, 191 AD3d 1495, 1498 [4th Dept 2021]; People v Morrison, 161 AD2d 608, 609 [2d Dept 1990]).
In light of the foregoing, we conclude that the seizure of defendant and his vehicle was unlawful and that, as a result, the physical evidence seized by the police and the statements made by defendant to the police following the unlawful seizure should have been suppressed. Consequently, the judgment must be reversed and, "because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed" [*2](Suttles, 171 AD3d at 1455 [internal quotation marks omitted]; see People v Lopez, 149 AD3d 1545, 1548 [4th Dept 2017]; People v Lee, 110 AD3d 1482, 1484 [4th Dept 2013]).
In light of our determination, we do not address the remaining contentions in defendant's main and pro se supplemental briefs.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court