People v King (2022 NY Slip Op 03595)

People v King

2022 NY Slip Op 03595

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

177 KA 18-02104

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUES KING, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 1, 2018. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the third degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress tangible property and statements are granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and resisting arrest (§ 205.30). We agree with defendant that the police lacked reasonable suspicion to justify the initial seizure of his vehicle, and thus County Court erred in refusing to suppress the tangible property seized, i.e., the marihuana and cocaine, and defendant's statements to the police. Here, the police officers effectively seized defendant's vehicle when they pulled into a parking lot and stopped their vehicle directly in front of defendant's parked vehicle in such a manner as to prevent defendant from driving away (see People v Jennings, 45 NY2d 998, 999 [1978]; People v Jennings, 202 AD3d 1439, 1440 [4th Dept 2022]; People v Williams, 177 AD3d 1312, 1312 [4th Dept 2019]; People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]). Police officer testimony at the suppression hearing established that, at the time the officers stopped their vehicle in front of defendant's vehicle, they had observed defendant's presence in a vehicle at
1:00 p.m. in the parking lot of an apartment complex known for drug activity and where officers believed defendant did not reside, and they were aware that defendant had a history of drug-related convictions. Such evidence does not provide a reasonable suspicion that defendant had committed, was committing, or was about to commit a crime (see generally People v McIntosh, 96 NY2d 521, 526 [2001]; People v King, 199 AD3d 1454, 1454 [4th Dept 2021]; People v Rutledge, 21 AD3d 1125, 1126 [2d Dept 2005], lv denied 6 NY3d 758 [2005]).
Thus, we conclude that the tangible property and defendant's statements should have been suppressed. We therefore vacate defendant's guilty plea and, "because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed" (Suttles, 171 AD3d at 1455 [internal quotation marks omitted]; see Jennings, 202 AD3d at 1440). In light of our determination, we do not address defendant's remaining contention.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court