People v Singletary (2022 NY Slip Op 07392)

People v Singletary

2022 NY Slip Op 07392

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

935 KA 21-01628

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAQUAN SINGLETARY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JED S. HUDSON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 21, 2021. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). We agree with defendant that the police lacked reasonable suspicion to justify the initial seizure of the vehicle in which he was a passenger (defendant's vehicle), and therefore County Court erred in refusing to suppress the physical evidence seized—i.e., a firearm—and defendant's subsequent statements to the police.
Here, the police officers effectively seized defendant's vehicle when they pulled into the gas station parking lot and stopped their patrol vehicle directly behind defendant's parked vehicle in such a manner as to prevent it from driving away (see People v Jennings, 45 NY2d 998, 999 [1978]; People v Jennings, 202 AD3d 1439, 1440 [4th Dept 2022]; People v Williams, 177 AD3d 1312, 1312 [4th Dept 2019]; People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]).
Furthermore, we conclude that the police did not have " 'reasonable suspicion that defendant had committed, was committing, or was about to commit a crime' " to justify their seizure of the vehicle (Jennings, 202 AD3d at 1440). Police officer testimony at the suppression hearing established that, at the time the officers made the initial stop, they were responding to the sound of multiple gunshots that had originated at or near the gas station, which was known to be a high crime area. The officers also testified, however, that at no time did they visually observe the source of the gunshots, and they did not see any shots emanating from the area where defendant's vehicle was parked. The officers' attention was drawn to defendant's vehicle because, at the time they arrived on the scene, it had collided with another vehicle as it tried to leave the area. Defendant's vehicle was one of a number of vehicles and pedestrians that the police saw trying to leave the gas station due to the ongoing gunfire. Under those circumstances—i.e., where the police are unable to pinpoint the source of the gunfire, and the individuals in defendant's vehicle are not the only potential suspects present at the scene—the evidence does not provide a reasonable suspicion that the individuals in defendant's vehicle had committed, were committing, or were about to commit a crime (see People v King, 206 AD3d 1576, 1577 [4th Dept 2022]; cf. People v Floyd, 158 AD3d 1146, 1147 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]; People v Jones, 148 AD3d 1666, 1667 [4th Dept 2017], lv [*2]denied 29 NY3d 1082 [2017]). On the record before us, defendant's vehicle was, at most, "simply a vehicle that was in the general vicinity of the area where the shots were heard," which is insufficient to establish reasonable suspicion (People v Fitts, 188 AD3d 1676, 1678 [4th Dept 2020]).
In light of the foregoing, we conclude that the seizure of defendant and his vehicle was unlawful and that, as a result, the physical evidence seized by the police and the statements made by defendant to the police following the unlawful seizure should have been suppressed. Consequently, the judgment must be reversed and, "because our determination results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed" (Suttles, 171 AD3d at 1455 [internal quotation marks omitted]; see Jennings, 202 AD3d at 1440). In light of our determination, we do not address defendant's remaining contention.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court