People v Burke (2023 NY Slip Op 05083)

People v Burke

2023 NY Slip Op 05083

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, OGDEN, AND NOWAK, JJ.

707 KA 22-01636

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CASEY C. BURKE, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered August 31, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the motion to suppress physical evidence and statements is granted, the indictment is dismissed, and the matter is remitted to Jefferson County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress, as the product of an unlawful arrest, physical evidence found on his person and his statements to the police. We agree with defendant.
The record establishes that law enforcement in Cortland County initiated a traffic stop of a vehicle operated by defendant for a nonmoving violation of the Vehicle and Traffic Law. The officer who initiated the traffic stop discovered that defendant had an outstanding arrest warrant for the class A misdemeanor of petit larceny (Penal Law § 155.25) that had been signed nearly seven years earlier by a justice of Watertown Town Court in Jefferson County. The arrest warrant authorized any officer of the Jefferson County Sheriff's Office or the New York State Police to arrest defendant.
After defendant was placed inside a police vehicle, Cortland County law enforcement contacted the Jefferson County Sheriff's Office to confirm the validity of the outstanding arrest warrant and to inquire whether the Jefferson County Sheriff's Office wanted defendant extradited on the warrant. When defendant was informed that he would be taken to jail in Cortland County before being turned over to the Jefferson County Sheriff's Office on the arrest warrant, defendant allegedly began to behave in an irate and combative manner, which included punching the rear window of the police vehicle. Defendant was then transported to jail in Cortland County where he was charged with resisting arrest and traffic infractions.
Approximately four hours after the traffic stop, Cortland County law enforcement obtained an endorsement of the arrest warrant pursuant to CPL 120.70 (2) (b) by a justice of Lapeer Town Court in Cortland County. Shortly thereafter, deputies with the Jefferson County Sheriff's Office took custody of defendant and transported him to jail in Jefferson County. While booking defendant at that jail on the arrest warrant, deputies discovered, among other things, packages of drugs on defendant's person. Defendant was then arrested on controlled substances offenses and, during processing, allegedly engaged in conduct constituting obstruction of governmental administration in the second degree.
Defendant moved to suppress physical evidence and statements. The parties agreed that the court would consider the motion on submissions and without an evidentiary hearing, and they stipulated that, if the execution of the arrest warrant was improper, the physical evidence and statements would be suppressed as fruit of the poisonous tree. As relevant to this appeal, the court determined that, contrary to defendant's contention, Cortland County law enforcement properly "detained" defendant on the arrest warrant until it could be endorsed by a local criminal court and that Cortland County law enforcement did not execute the arrest warrant but rather arrested defendant for separate offenses. The court further determined in the alternative that, even if Cortland County law enforcement had executed the arrest warrant at the time that defendant was taken into custody, suppression was still unwarranted because defendant's arrest in Cortland County on a warrant issued by a town court in Jefferson County before that warrant was endorsed pursuant to CPL 120.70 (2) (b) constituted a mere irregularity in the arrest that was not a jurisdictional error. The court denied defendant's motion.
"A warrant of arrest is a process issued by a local criminal court directing a police officer to arrest a defendant designated in an accusatory instrument filed with such court and to bring him before such court in connection with such instrument" (CPL 120.10 [1]; see CPL 1.20 [28]; see also CPL 10.10 [3]). Under authority delegated to it by the State Constitution (see NY Const, art VI, § 1 [c]), the legislature has provided that "[a] warrant of arrest issued by a district court, by the New York City criminal court, the youth part of a superior court or by a superior court judge sitting as a local criminal court may be executed anywhere in the state" (CPL 120.70 [1]). In contrast, the permissible geographical area for execution of an arrest warrant issued "by a city court, a town court or a village court" is limited to "the county of issuance or . . . any adjoining county" (CPL 120.70 [2] [a]; see NY Const, art VI, § 1 [c]; William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, CPL § 120.10). Critically, however, an arrest warrant issued by a city court, a town court, or a village court may be executed "[a]nywhere else in the state upon the written endorsement thereon of a local criminal court of the county in which the arrest is to be made" and, "[w]hen so endorsed, the warrant is deemed the process of the endorsing court as well as that of the issuing court" (CPL 120.70 [2] [b]).
Preliminarily, we agree with defendant that, contrary to the People's assertion, CPL 120.70 (2) (b) dictates that, in order for a police officer to lawfully execute an arrest warrant issued by a city court, a town court, or a village court other than in the county of issuance or in a county adjoining the county of issuance, the requisite endorsement must be obtained prior to the execution of the warrant. It is fundamental that, "[w]hen presented with a question of statutory interpretation, [a court's] primary consideration is to ascertain and give effect to the intention of the Legislature" (People v Andujar, 30 NY3d 160, 166 [2017] [internal quotation marks omitted]; see People v Roberts, 31 NY3d 406, 418 [2018]; People v Burman, 173 AD3d 1727, 1727 [4th Dept 2019]). " 'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (People v Golo, 26 NY3d 358, 361 [2015]; see Roberts, 31 NY3d at 418). "If the words chosen have a definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add or take away from that meaning" (Roberts, 31 NY3d at 418 [internal quotation marks omitted]). "Nevertheless, in construing a statute[,] courts 'should consider the mischief sought to be remedied by the new legislation, and they should construe the act in question so as to suppress the evil and advance the remedy' " (id. at 418-419, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 95). Thus, in general, " 'inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history' " (People v Wallace, 31 NY3d 503, 507 [2018]; see Roberts, 31 NY3d at 422-424; Burman, 173 AD3d at 1728).
Here, the statute provides that an arrest warrant issued by a city court, a town court, or a village court may be executed "[a]nywhere else in the state upon the written endorsement thereon of a local criminal court of the county in which the arrest is to be made" (CPL 120.70 [2] [b] [emphasis added]). As defendant correctly contends, inasmuch as "[t]he use of the future tense . . . indicates that the statute was intended to relate to [the] future act" of an arrest, the plain meaning of the statutory language indicates that the requisite endorsement must be obtained prior to execution of a subject arrest warrant in a non-issuing or non-adjoining county (Town of Hempstead v City of New York, 52 App Div 182, 186-187 [2d Dept 1900]; see 1 New York Criminal Practice § 7.09 [2023]; 1990 Ops Atty Gen No. 90-43 at 1079). Contrary to the [*2]People's assertion, "the plain language of the statute is not ambiguous, and thus we are bound to follow it" (People v Talluto, 39 NY3d 306, 314 [2022]).
That interpretation is also supported by the overall constitutional and statutory scheme (see generally Roberts, 31 NY3d at 423-424). As stated, the statute further provides that, "[w]hen so endorsed, the warrant is deemed the process of the endorsing court as well as that of the issuing court" (CPL 120.70 [2] [b]). Consequently, once endorsed, the warrant "can be executed by any police officer whose jurisdiction encompasses that of the endorsing court" (1990 Ops Atty Gen No. 90-43 at 1078). When the police obtain the requisite endorsement prior to execution of an arrest warrant issued by a city, town, or village court in a non-issuing or non-adjoining county, thereby rendering the warrant the process of both the issuing court and the endorsing court in the county wherein the arrest is to be made (see CPL 120.70 [2] [b]), the police properly avoid violation of the State Constitution's geographic restriction on the execution of an arrest warrant issued by such courts (see NY Const, art VI, § 1 [c]).
In accordance with the proper interpretation of the law, we agree with defendant that the court erred in determining that Cortland County law enforcement properly "detained" defendant on the arrest warrant until it could be endorsed by a local criminal court. The arrest warrant was not executable in Cortland County by any police officer because it had been issued by a town court in Jefferson County, which does not adjoin Cortland County, and had not yet been endorsed in writing thereon by a local criminal court in Cortland County, by which it would be deemed the process of both the issuing court and the endorsing court (CPL 120.70 [2] [b]; see NY Const, art VI, § 1 [c]). Additionally, the Jefferson County Sheriff's Office was unable to lawfully delegate to Cortland County law enforcement the authority to execute the arrest warrant here because the warrant, having been issued by a town court in Jefferson County, was not "executable in [Cortland C]ounty without endorsement by a local criminal court thereof" under CPL 120.70 (CPL 120.60 [2] [b]). To the extent that the court determined that Cortland County law enforcement lawfully took defendant into custody on a basis other than the execution of the arrest warrant, we conclude that the court erred. "In order to execute a warrant of arrest, the arresting officer must merely inform the defendant that such a warrant has been issued" (People v Duncan, 241 AD2d 566, 566 [3d Dept 1997]; see CPL 120.80 [2]). Here, Cortland County law enforcement informed defendant that, as a result of the outstanding arrest warrant, he would be taken to jail in Cortland County before being turned over to the Jefferson County Sheriff's Office on the warrant. Moreover, although the court determined that defendant was arrested for separate offenses arising from his belligerent conduct after he was informed that he would be turned over to the Jefferson County Sheriff's Office on the arrest warrant, the record establishes that defendant was charged by Cortland County law enforcement with resisting arrest, which necessarily means that Cortland County law enforcement alleged that defendant intentionally prevented or attempted to prevent a police officer from effecting a purported authorized arrest (see Penal Law § 205.30), i.e., an arrest on the warrant. Inasmuch as the arrest warrant issued by a town court in Jefferson County was not endorsed prior to defendant's arrest in Cortland County on that warrant, we conclude that defendant was arrested in violation of the relevant constitutional and statutory law (see NY Const, art VI, § 1 [c]; CPL 120.70 [2] [b]).
We further agree with defendant that, contrary to the People's assertion, the court also erred in denying defendant's motion on the alternative ground that defendant's arrest in Cortland County on a warrant that was issued by a town court in Jefferson County and not yet endorsed as required by CPL 120.70 (2) (b) constituted a mere irregularity in the arrest that was not a jurisdictional error. Defendant did not contend that the unlawful execution of the warrant deprived the court of personal jurisdiction over him (cf. People v Harmer, 75 Misc 399, 400 [Onondaga County Ct 1912]). Rather, defendant seeks to suppress, as the product of an unlawful arrest, physical evidence found on his person and his statements to the police (see generally People v McGrew, 103 AD3d 1170, 1171 [4th Dept 2013]). In that regard, inasmuch as defendant was arrested in violation of state constitutional and statutory law (see NY Const, art VI, § 1 [c]; CPL 120.70 [2] [b]), we conclude that the court erred in refusing to suppress the physical evidence seized from defendant's person following his arrest and his statements to the police (see People v Hodge, 206 AD3d 1682, 1685 [4th Dept 2022]; see generally People v Greene, 9 NY3d 277, 280-281 [2007]). We have examined the People's remaining assertions in support of affirming the judgment, and we conclude that none has merit.
Based on the foregoing, defendant's plea must be vacated and, because our determination [*3]results in the suppression of all evidence in support of the charged controlled substances offenses (see People v King, 206 AD3d 1576, 1577-1578 [4th Dept 2022]; People v Jennings, 202 AD3d 1439, 1440 [4th Dept 2022]) and because the Jefferson County Sheriff's Office was not engaged in authorized conduct necessary to support the charged crime of obstructing governmental administration in the second degree (see Hodge, 206 AD3d at 1685; People v Lupinacci, 191 AD2d 589, 590 [2d Dept 1993]), the indictment must be dismissed. We therefore reverse the judgment, vacate the plea, grant defendant's motion to suppress physical evidence and statements, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court